**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.S.-1**

**No. 24-60** (Wood County CC-54-2022-JA-302)

## MEMORANDUM DECISION

Petitioner Father C.S.-2[1] appeals the Circuit Court of Wood County's January 3, 2024, order terminating his parental rights to C.S.-1,[2] arguing that the court erred in adjudicating him as an abusing parent to C.S.-1 based upon the petitioner's sexual abuse of another child. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2022, the DHS filed a petition alleging that the petitioner abused and neglected the child. Specifically, the petition alleged that the petitioner exposed the child to domestic violence, emotionally abused the child, physically abused the child, and sexually abused another child, I.F., in the home. The petitioner and I.F.'s father were close friends, and I.F. and her brother, S.F., frequently stayed in the petitioner's home. I.F., then twelve years old, disclosed in a forensic interview that the petitioner sexually abused her while she was staying in the petitioner's home. I.F. additionally disclosed witnessing the petitioner physically abuse C.S.-1 and witnessing domestic violence between the petitioner and his girlfriend. C.S.-1, then nine years old, also

---

[1] The petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Michael D. Farnsworth, Jr. appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the child and the petitioner share the same initials, we refer to them as C.S.-1 and C.S.-2, respectively.

participated in a forensic interview and disclosed witnessing domestic violence and emotional and physical abuse by the petitioner. S.F. participated in a forensic interview as well.[3]

In May and June 2023, the circuit court held adjudicatory hearings during which C.S.-1, I.F., and S.F.'s forensic interviews were admitted into evidence. The court heard testimony from the forensic interviewers, C.S.-1's mother, the petitioner, and the petitioner's girlfriend. The petitioner testified and denied the allegations of sexual abuse of I.F. and allegations of emotional abuse of C.S.-1. The petitioner confirmed that I.F. and S.F. regularly stayed overnight at his home every other weekend—weekends when the petitioner had physical custody of C.S.-1. The petitioner admitted to hitting his girlfriend while she was driving and C.S.-1, I.F., and S.F. were in the car. Ultimately, the court found that the petitioner sexually abused I.F., who was a frequent overnight visitor in the petitioner's home, based on I.F.'s credible and corroborated disclosures. The court further found that the petitioner emotionally abused C.S.-1 and exposed C.S.-1 to domestic violence. Accordingly, the court adjudicated C.S.-1 as an abused and neglected child and the petitioner as an abusing and neglecting parent.

In December 2023, the circuit court held a dispositional hearing. The court found that the DHS was not required to make reasonable efforts to preserve the family because the petitioner was adjudicated of sexual abuse. The court terminated the petitioner's parental rights to C.S.-1, finding that there was no reasonable likelihood the conditions of neglect and abuse could be substantially corrected in the near future and termination was in the best interests of the child. It is from this dispositional order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred by adjudicating him on accusations of sexual abuse against a child who was not a member of his household because the court had no jurisdiction to adjudicate regarding that child. According to the petitioner, he did not have any parental or custodial rights over I.F. and therefore could not be adjudicated as an abusing parent based upon the petitioner's conduct towards I.F.

The petitioner is correct in asserting that the circuit court did not have jurisdiction to adjudicate the petitioner as an abusing parent of I.F. because I.F. was not named as an abused child in the petition. However, the circuit court did not adjudicate the petitioner as an abusing parent *of I.F.* The court adjudicated the petitioner as an abusing parent of C.S.-1 because the petitioner's sexual abuse of I.F. in the home where the petitioner and C.S.-1 lived threatened C.S.-1's welfare. Just because I.F. was not named in the petition as an abused and neglected child does not prohibit the circuit court from considering evidence of the petitioner's sexual abuse of I.F. as it is relevant to the safety and wellbeing of C.S.-1. West Virginia Code § 49-1-201 defines an "abused child,"

---

[3] The only reference in the record of S.F.'s age at the time of the forensic interview was the interviewer's testimony that she believed S.F. was "nine or ten."

[4] The permanency plan for the child is to remain in the custody of his nonabusing mother.

in relevant part, as a child "whose health or welfare is being harmed *or threatened by . . .* [s]exual abuse." Further, we have held as follows:

> Where there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under [W. Va. Code 49-1-201].

Syl. Pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). A "custodian" is defined by West Virginia Code § 49-1-204 as "a person who has or shares actual physical possession or care and custody of a child, regardless of whether that person has been granted custody of the child by any contract or agreement." The petitioner himself testified and admitted to having actual physical possession of I.F. when I.F. was staying in his home every other weekend. Therefore, the petitioner was acting as I.F.'s custodian during the incidents of sexual abuse. The court properly considered the petitioner's conduct toward another child in the home as evidence of a threat of harm toward C.S.-1. Further, the petitioner was adjudicated of emotionally abusing C.S.-1 and exposing C.S.-1 to domestic violence, findings that the petitioner does not challenge on appeal. We find no error in the petitioner's adjudication.

Additionally, the petitioner argues that the circuit court erred by finding that the DHS was not required to make reasonable efforts to preserve the family due to the adjudicatory finding of sexual abuse. Again, the petitioner argues that this finding was in error because I.F. was not the petitioner's child and was not adjudicated as an abused child. West Virginia Code § 49-4-604(c)(7) provides that the DHS "is not required to make reasonable efforts to preserve the family if the court determines" that the parent has "[c]ommitted sexual assault or sexual abuse of the child, the child's other parent, guardian, or custodian, another child of the parent, or any other child residing in the same household or *under the temporary or permanent custody of the parent*." (Emphasis added). Because the sexual abuse occurred when the petitioner was acting as I.F.'s custodian, the circuit court properly found that the DHS was not required to make reasonable efforts to preserve the family.

Accordingly, we find no error in the decision of the circuit court, and its January 3, 2024, order is hereby affirmed.

Affirmed.


**ISSUED**: March 4, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV